IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **RICHARD HENDERSON,** § § § | |
| Plaintiff, § | Civil Action No. |
| § | |
| v. § | 3:21-cv-255 |
| § | |
| **NESMETAJU, LLC d/b/a** § | |
| **LEADSMARKET.COM,** § | |
| § | **Jury Trial Demanded** |
| Defendant. § § | |

# COMPLAINT

RICHARD HENDERSON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NESMETAJU, LLC d/b/a LeadsMarket.com ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*, and § 302.101 of the Texas Business & Commercial Code.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4.   This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5.   Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

6.   Plaintiff is a natural person residing in League City, Texas 77573.

7.   Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8.   Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 21600 Oxnard Street, Suite 400, Woodland Hills, California 91367.

9.   Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11.  At all times relevant hereto, Plaintiff, Richard Henderson, maintained a cell phone, the number for which was (281) XXX-2765.

12.  At all times relevant hereto, Plaintiff used that cell phone for residential purposes.

13.  Plaintiff registered that cell phone number on the Federal Do Not Call Registry on or around May 13, 2010.

14.  Mr. Henderson registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing solicitation.

15. Defendant is an advertisement agency that purports to offer loans and financial services to consumers.

16. Defendant engages in telemarketing in order to solicit the interest for such loans.

17. Between November 2020 through at least December of 2020, Defendant sent a series of solicitation text messages to Plaintiff in order to direct Plaintiff to apply for loans operated by Defendant.

18. Defendant operates through several alter egos or subsidiaries known as *inter alia* "Leads Market" and "Rush In Loans."

19. Defendant's text messages to Plaintiff utilized automatically generated and/or pre-written messages.

20. Henderson did not consent to these messages from Defendant.

21. Defendant's text messages were not made for "emergency purposes."

22. Defendant knew its text messages were unwanted, therefore, all texts could have only been made solely for purposes of harassment.

23. For instance, following the receipt of the harassing messages, Plaintiff replied "Stop" and received a message which indicated he was taken off of their internal contact list. However, despite these assurances, Defendant continued to contact Plaintiff.

24. Defendant's incessant texts were bothersome, disruptive, and frustrating for Plaintiff to endure.

25. In total, Defendant placed at least 19 text messages to Plaintiff, at dates/times including the following:

| Date/Time: | Caller ID: |
| --- | --- |
| November 12, 2020 9:44 am Central | (608) 623-6433 |
| November 12, 2020 9:46 am Central | (308) 470-4125 |

| | |
|---|---|
| November 12, 2020 10:13 am Central | (260) 308-4294 |
| November 12, 2020 10:23 am Central | (219) 506-7727 |
| November 12, 2020 10:43 am Central | (608) 879-1068 |
| November 12, 2020 11:19 am Central | (308) 730-4366 |
| November 12, 2020 11:19 am Central | (260) 308-4991 |
| November 12, 2020 11:33 am Central | (308) 470-4197 |
| December 3, 2020 10:05 am Central | (440) 636-1794 |
| December 3, 2020 9:44 am Central | (385) 999-7405 |
| December 3, 2020 9:42 am Central | (440) 636-1816 |
| December 3, 2020 12:26 pm Central | (319) 946-4013 |
| December 3, 2020 12:26 pm Central | (321) 274-4071 |
| December 3, 2020 12:29 pm Central | (248) 780-8936 |
| December 3, 2020 12:29 pm Central | (440) 664-1403 |
| December 3, 2020 12:32 pm Central | (608) 938-8515 |
| December 3, 2020 12:34 pm Central | (440) 636-1088 |
| December 8, 2020 11:21 am Central | (913) 393-9859 |
| December 8, 2020 11:29 am Central | (816) 542-3451 |

26. Upon information and belief, Plaintiff received additional messages from Defendant not including in the above-list.

27. All of the messages sent by Defendant to Henderson contained pre-written messages with a link to a website to sign up to qualify for a loan.

28. As a result of the persistence of the unwanted messages, Mr. Henderson tried to ascertain who was responsible for sending these unsolicited messages. Plaintiff followed the links contained in the text messages.

29. For instance, Plaintiff clicked the link contained in one of the text messages and was sent to a website for RushIn Loans, which was operated by Leaksmarket.com.

30. Defendant owns both "Rush In" and "Leads Market".

31. The text messages were generic and pre-scripted.

32. Accordingly, it was clear, the texts were part of a large text message "blast" rather than messages individually tailored to Plaintiff.

33. Plaintiff believes and therefore avers that Defendant utilizes a dialing system which uses a random or sequential number generator to store telephone numbers.

34. Upon information and belief, Defendant utilizes a dialing system which uses a random or sequential number generator to select the sequence of calls/text messages to be sent/made.

35. Accordingly, Defendant sent text messages to Plaintiff using an automatic telephone dialing system.

36. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

37. Furthermore, Defendant failed to register as a telephone solicitor with the Texas Secretary of State, despite the obligation to do so.

38. The foregoing acts and omissions were in violation of the TCPA and Texas Business and Commerce Code.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(b)

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

41. Defendant initiated numerous text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

42. Specifically, Defendant utilizes a dialing system which uses a random or sequential number generator to store telephone numbers.

43. Defendant utilizes a dialing system which uses a random or sequential number generator to select the sequence of calls/text messages to be sent/made.

44. Defendant's texts were not made for "emergency purposes."

45. Defendant's texts to Plaintiff's cellular telephone were made without any prior express consent.

46. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry and despite the fact that Plaintiff repeatedly told Defendant to stopsits telephone solicitations.

47. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

48. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

49. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**COUNT II**
**DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)**

50. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

51. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered her or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

52. Defendant transmitted multiple text messages to Plaintiff's telephone number despite the fact that Plaintiff has been on the Do Not Call Registry since May 13, 2010.

53. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

54. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

55. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERCIAL CODE**

56. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57. Plaintiff is a "consumer" as defined by § 301.001(2) of the Texas Business & Commerce Code.

58. Defendant is a "telephone solicitor" as defined by § 301.001(5) of the Texas Business & Commerce Code.

59. Plaintiff received all texts from Defendant in Texas and is entitled to other relief under Texas law.

60. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in Texas or to a purchaser located in Texas unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

61. Defendant violated §302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

62. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

WHEREFORE, Plaintiff, RICHARD HENDERSON, respectfully prays for judgment as follows:

  a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

  b. Statutory damages of $500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

  c. Treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3));

  d. Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

  e. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code );

    f.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to. §302.302(a) of the Texas Business & Commerce Code

    g.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    h.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RICHARD HENDERSON, demands a jury trial in this case.

Respectfully submitted,

Dated: September 15, 2021    By: */s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
SDTX Attorney ID No. 3568914
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com