# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **RICHARD HENDERSON,** | § § § |
| *Plaintiff,* | § Civil Action No. § |
| v. | § 3:21-cv-255 § |
| **NESMETAJU, LLC and MARKETINGLABS, LLC, d/b/a BRIGHTENLOANS.COM, THELENDSOURCE.COM and RUSHINLOANS.COM** | § § § **Jury Trial Demanded** § § |
| *Defendants.* | § § |

## AMENDED COMPLAINT

RICHARD HENDERSON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NESMETAJU, LLC ("Nesmetaju") and MARKETINGLABS, LLC ("MarketingLabs") d/b/a BrightenLoans.com, TheLendSource.com and RushInLoans.com.

## INTRODUCTION

1. Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., and § 302.101 of the Texas Business & Commercial Code.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising

under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4. This Court has personal jurisdiction over Defendants because Defendant MarketingLabs is headquartered in Texas and Defendant Nesmetaju maintains an office in Texas where it does business.

5. Furthermore, the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

6. Venue is proper pursuant to 28 U.S.C. §§ 1391 (b)(1) and 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person residing in League City, Texas 77573.

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant Nesmetaju is a foreign company domesticated in St. Kitts and Nevis owned by Anton Ignatenko.

10. Nesmetaju does business in the United States and can be served at 5050 Quorum Drive, Suite 700, Dallas, Texas 75254.

11. Defendant MarketingLabs is a Dallas, Texas-based company that is a subsidiary of Defendant Nesmetaju.

12. Defendant MarketingLabs maintains its headquarters at 5050 Quorum Drive, Suite 700, Dallas, Texas 75254.

13. Defendants are "persons" as that term is defined by 47 U.S.C. §153(39).

14. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. At all times relevant hereto, Plaintiff, Richard Henderson, maintained a cell phone, the number for which was (281) XXX-2765.

16. At all times relevant hereto, Plaintiff used that cell phone for residential purposes.

17. Plaintiff registered that cell phone number on the Federal Do Not Call Registry on or around May 13, 2010.

18. Mr. Henderson registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing solicitation.

19. At all times relevant hereto, Defendants worked together in concert.

20. Defendants own and operate various companies that purport to offer personal loans to US-based consumers.

21. Defendants engage in telemarketing in order to solicit the interest for such loans.

22. Between November 2020 through at least December of 2020, Defendant sent a series of solicitation text messages to Plaintiff in order to direct Plaintiff to apply for loans operated by Defendant. (True and correct copies of screenshots reflecting these text messages are attached as Exhibit "A.")

23. Defendants operate through several alter egos or subsidiaries that hold themselves out, *inter alia* "BrightenLoans.com", "TheLendSource.com", and "RushInLoans.com."

24. Henderson did not express interest in personal loans from any such entities, and did not consent to these messages from Defendants.

25. Defendants' text messages were not made for "emergency purposes."

26. For instance, following the receipt of the harassing messages, Plaintiff replied "Stop" and received a message which indicated he was taken off of their internal contact list. However, despite these assurances, Defendants continued to contact Plaintiff. (*See* Ex. A.)

27. In total, Defendant placed at least 20 text messages to Plaintiff, at dates/times including the following:

| Date/Time: | Caller ID: | Sender |
|---|---|---|
| October 11, 2020 at 6:13 am CST | (408) 427-7660 | BrightenLoans.com |
| November 12, 2020 9:44 am CST | (608) 623-6433 | TheLendSource.com |
| November 12, 2020 9:46 am CST | (308) 470-4125 | TheLendSource.com |
| November 12, 2020 10:13 am CST | (260) 308-4294 | TheLendSource.com |
| November 12, 2020 10:23 am CST | (219) 506-7727 | TheLendSource.com |
| November 12, 2020 10:43 am CST | (608) 879-1068 | TheLendSource.com |
| November 12, 2020 11:19 am CST | (308) 730-4366 | TheLendSource.com |
| November 12, 2020 11:19 am CST | (260) 308-4991 | TheLendSource.com |
| November 12, 2020 11:33 am CST | (308) 470-4197 | TheLendSource.com |
| December 3, 2020 10:05 am CST | (440) 636-1794 | TheLendSource.com |

PLAINTIFF'S AMENDED COMPLAINT

| | | |
|---|---|---|
| December 3, 2020 9:44 am CST | (385) 999-7405 | TheLendSource.com |
| December 3, 2020 9:42 am CST | (440) 636-1816 | TheLendSource.com |
| December 3, 2020 12:26 pm CST | (319) 946-4013 | RushInLoans.com |
| December 3, 2020 12:26 pm CST | (321) 274-4071 | RushInLoans.com |
| December 3, 2020 12:29 pm CST | (248) 780-8936 | RushInLoans.com |
| December 3, 2020 12:29 pm CST | (440) 664-1403 | RushInLoans.com |
| December 3, 2020 12:32 pm CST | (608) 938-8515 | RushInLoans.com |
| December 3, 2020 12:34 pm CST | (440) 636-1088 | RushInLoans.com |
| December 8, 2020 11:21 am CST | (913) 393-9859 | TheLendSource.com |
| December 8, 2020 11:29 am CST | (816) 542-3451 | TheLendSource.com |

True and correct copies of the screenshots of those text messages are attached as Exhibit "A."

28. Upon information and belief, Plaintiff received additional messages from Defendant not including in the above-list.

29. All of the messages sent by Defendant to Henderson contained messages with a link to a website to sign up to qualify for a loan.

30. As a result of the persistence of the unwanted messages, Mr. Henderson tried to ascertain who was responsible for sending these unsolicited messages. Plaintiff followed the links contained in the text messages.

31. Plaintiff was directed to three websites for BrightenLoans, TheLendSource and RushInLoans, which all had virtually identical graphics and design and described various loans from the Defendants' affiliate companies. (True and correct copies of print outs from the websites BrightenLoans, TheLendSource and RushInLoans are attached as Exhibits "B", "C" and "D" respectively.)

32. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

33. Furthermore, Defendants failed to register as telephone solicitors with the Texas Secretary of State, despite engaging in telephone solicitation from Texas consumers. This omission was in contravention of the obligations set forth in the Texas Business and Commerce Code.

34. The foregoing acts and omissions were in violation of the TCPA and Texas Business and Commerce Code.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered her or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

37. Defendants transmitted multiple text messages to Plaintiff's telephone number despite the fact that Plaintiff has been on the Do Not Call Registry since May 13, 2010.

38. Each of the text messages at issue were solicitation texts for solicitation purposes.

39. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

40. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

41. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

### COUNT II
### DEFENDANT VIOLATED § 302.101 OF
### THE TEXAS BUSINESS & COMMERCIAL CODE

42. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. Plaintiff is a "consumer" as defined by § 301.001(2) of the Texas Business & Commerce Code.

44. Defendant is a "telephone solicitor" as defined by § 301.001(5) of the Texas Business & Commerce Code.

45. Plaintiff received all texts from Defendant in Texas and is entitled to other relief under Texas law.

46. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in Texas or to a purchaser located in Texas unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

47. Defendants violated §302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

48. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

WHEREFORE, Plaintiff, RICHARD HENDERSON, respectfully prays for judgment as follows:

    a.    Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

    b.    Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code );

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to. §302.302(a) of the Texas Business & Commerce Code

    d.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    e.    Any other relief this Honorable Court deems appropriate.

[THIS PORTION OF THE PAGE WAS INTENTIONALLY LEFT BLANK]

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RICHARD HENDERSON, demands a jury trial in this case.

Respectfully submitted,

Dated: December 10, 2021        By: */s/ Jacob U. Ginsburg*
                                       Jacob U. Ginsburg, Esq.
                                       SDTX Attorney ID No. 3568914
                                       Kimmel & Silverman, P.C.
                                       30 East Butler Pike
                                       Ambler, PA 19002
                                       Phone: (215) 540-8888
                                       Facsimile: (877) 788-2864
                                       Email: jginsburg@creditlaw.com
                                       teamkimmel@creditlaw.com