## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RICHARD HENDERSON, | |
| Plaintiff, | |
| v. | Case No. 3:21-cv-00255 |
| NESMETAJU, LLC and MARKETING LABS, LLC, d/b/a BRIGHTENLOANS.COM, THELENDSOURCE.COM and RUSHINLOANS.COM | |
| Defendants. | |

## DEFENDANT MARKETING LABS, LLC'S REPLY IN SUPPORT OF
## ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.    The SAC Should Be Dismissed Under Rules 8 and 10 Because It is a Classic Impermissible "Shotgun" Pleading and Plaintiff Does Not Show Otherwise.....................................................................................................1

II.   The SAC Should Also Be Dismissed Under Rule 12(b)(6) For Failure to State a Plausible Claim for Relief and Plaintiff Does Not Show Otherwise..........5

    A.    Plaintiff Fails to Plead Facts Supporting Direct or Vicarious Liability.........5

    B.    Plaintiff's Arguments on the Elements of his TCPA DNC Claims Fail......10

    C.    Plaintiff's Argument in Support of His State Claim Fails. ..........................11

III.  The SAC Should Also Be Dismissed Under Rule 12(b)(1) As Plaintiff Has Not Demonstrated All the Requisite Elements for Article III Standing. ..............11

IV.  Plaintiff is Not Entitled to "Jurisdictional" or Any Other Discovery Here...........13

V.   Plaintiff's Opposition Concedes Marketing Labs' Remaining Arguments. .........15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Agbim v. HWAT Inc.*,
  Case No. 4:21-cv-01861 (S.D. Texas), Dkt. 11 (dismissed by minute entry after
  oral argument on Nov. 3, 2021) (Ellison, J.) ................................................................. 6

*Bircher v. Bank of N.Y. Mellon*,
  2012 WL 3245991 (N.D. Tex. Aug. 9, 2012) ...................................................... 12, 13

*Black v. N. Panola Sch. Dist.*,
  461 F.3d 584 (5th Cir. 2006) .................................................................................. 11

*Cano v. Assured Auto Grp.*,
  2021 WL 3036933 (N.D. Tex. July 19, 2021). ........................................................ 13

*Cobarobio v. Midland Cty., Texas*,
  2015 WL 13608102 (W.D. Tex. Jan. 7, 2015), *aff'd*, 695 F.App'x 88 (5th Cir.
  2017) ........................................................................................................................ 2

*Cunningham v. Advanta Corp.*,
  2009 WL 290031 (N.D. Tex. Feb. 3, 2009) .......................................................... 4, 5

*Cunningham v. Health Plan Intermediaries Holdings, LLC*,
  2021 WL 1946645 (M.D. Tenn. May 14, 2021) ...................................................... 8

*Cunningham v. Lifestyles Dev., LLC*,
  2019 WL 4282039 (E.D. Tex. Aug. 8, 2019) ........................................................ 6, 8

*Cunningham v. Politi*,
  2019 WL 2519702 (E.D. Tex. Apr. 26, 2019) .................................................. 1, 2, 3

*Davila v. U.S.*,
  713 F.3d 248 (5th Cir. 2013) .............................................................................. 14, 15

*Del Castillo v. PMI Holdings N. Am. Inc*,
  2016 WL 3745953 (S.D. Tex. July 13, 2016) .......................................................... 4

*Frank v. Cannabis & Glass, LLC*,
  2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) ........................................................ 6

*Freeman v. U.S.*,
  556 F.3d 326 (5th Cir. 2009) .............................................................................. 14, 15

*Gulden v. Consol. World Travel Inc.*,
  2017 WL 3841491 (D. Ariz. Feb. 15, 2017) ...................................................... 2, 10

*Heisler v. Kean Miller, LLP*,
  2021 WL 3852261 (E.D. La. Aug. 27, 2021) ........................................ 10, 11, 13, 15

# TABLE OF AUTHORITIES
(continued)

Page

*Hinojosa v. Livingston*,
807 F.3d 657 (5th Cir. 2015) ........................................................................ 4

*Hirsch v. Lyndon S. Ins. Co.*,
2019 WL 5110622 (M.D. Fla. June 7, 2019), *report and rec. adopted sub nom.*
2019 WL 8370863 (Aug. 6, 2019), *aff'd*, 805 F. App'x 987 (11th Cir. 2020) .............. 3

*Hunter v. Branch Banking & Tr. Co.*,
2012 WL 5845426 (N.D. Tex. Nov. 19, 2012) .......................................... 13

*Hurley v. Messer*,
2018 WL 4854082 (S.D.W.Va. Oct. 4, 2018) .......................................... 14

*Hyatt v. J.B. Hunt Transp. Servs., Inc.*,
2015 WL 13648356 (W.D. Ark. June 16, 2015) ...................................... 15

*In re Dish Network, LLC*,
2013 28 FCC Rcd. 6574 (2013) ................................................................ 6

*Koster v. Grafova*,
2019 WL 2124532 (N.D. Ala. May 15, 2019) .......................................... 12

*Marc Ellman, MD., P.A. v. MDOffice LLC*,
2022 WL 980640 (W.D. Tex. Mar. 31, 2022).   ........................................ 4

*McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*,
501 F.3d 1244 (11th Cir. 2007) .............................................................. 13

*Meeks v. Buffalo Wild Wings, Inc.*,
2018 WL 1524067 (N.D. Cal. Mar. 28, 2018) .......................................... 7

*Naiman v. Freedom Forever, LLC*,
2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) .......................................... 10

*Outlaw Lab., LP v. Shenoor Enterp., Inc.*,
371 F. Supp. 3d 355 (N.D. Tex. 2019) .................................................... 12

*Robinson v. Stephens*,
726 F.App'x 228 (5th Cir. 2018) .............................................................. 14

*Roebuck v. Dothan Sec., Inc.*,
515 F. Appx. 275 (5th Cir. 2013) ............................................................ 10

*Sahlein v. Red Oak Cap.*,
2014 WL 3046477 (N.D. Miss. July 3, 2014).   ........................................ 2

*Scruggs v. CHW Grp., Inc.*,
2020 WL 9348208 (E.D. Va. Nov. 12, 2020) .................................... 12, 14

**TABLE OF AUTHORITIES**
(continued)

**Page**

*SEC v. Spence & Green Chem. Co.*,
   612 F.2d 896 (5th Cir.1980) ................................................................. 14

*Spencer v. City of Eutaw, Ala.*,
   2008 WL 11380073 (N.D. Ala. Aug. 14, 2008) ..................................... 15

*Stringer v. Whitley*,
   942 F.3d 715 (5th Cir. 2019) ................................................................ 12

*U.S. v. Bestfoods*,
   524 U.S. 51 (1998) ................................................................................. 4

*Williams v. J.B. Hunt Transp., Inc.*,
   132 F. Supp. 3d 858 (S.D. Tex. 2015), *aff'd*, 826 F.3d 806 (5th Cir. 2016)............... 12

*Williams v. Parker*,
   843 F.3d 617 (5th Cir. 2016) ................................................................ 12

**RULES**

Fed. R. Civ. P. 8 ........................................................................................ 13

Fed. R. Civ. P. 9(b) .................................................................................... 4

Fed. R. Civ. P. 10...................................................................................... passim

Fed. R. Civ. P. 12(b)(1) ..................................................................... 11, 12, 13, 14

Fed. R. Civ. P. 12(b)(2) ............................................................................. 8, 9, 13

Fed. R. Civ. P. 12(b)(6) ............................................................................. passim

## **INTRODUCTION**

Plaintiff's Opposition (Dkt. 23) to Marketing Labs' Motion to Dismiss (Dkt. 22, "Motion") his Second Amended Complaint (Dkt. 13, "SAC") offers little relevant, and certainly no compelling, argument and only thin legal authority in opposing the Motion. And what little it does offer completely misses the mark. Instead, tacitly recognizing the many fatal defects in his pleading, Plaintiff mostly just regurgitates or improperly attempts to replead his defective allegations through argument, tellingly ignores Marketing Labs' many directly on-point legal authorities, misconstrues or misapplies his own authorities, and ultimately concedes many of Marketing Labs' key dispositive arguments. Federal pleading standards require much more to avoid dismissal, and Plaintiff's SAC (which is his <u>third</u> failed attempt to plead a plausible claim) should be dismissed in its entirety and <u>with prejudice</u>.

## I.    <u>The SAC Should Be Dismissed Under Rules 8 and 10 Because It is a Classic Impermissible "Shotgun" Pleading and Plaintiff Does Not Show Otherwise.</u>

Plaintiff does not refute Marketing Labs' threshold argument that "shotgun" pleadings (*i.e.*, those that fail to differentiate between the parties and non-parties, their alleged wrongful conduct, and the claims alleged, like his SAC) are improper and routinely dismissed under Rules 8 and 10. *See* Dkt. 22 at 9-11 (citing, *inter alia*, *Garig*, *Mendoza*, *Cunningham v. Politi*, *Sahlein*, and *Moore*). Instead, buried near the end of his Opposition, Plaintiff makes a perfunctory argument, based on one readily-distinguishable case, that his SAC is not a "shotgun" pleading because he thinks he "has sufficiently alleged a factual basis to group the Defendants together." Dkt. 23 at 17-18 (citing *Ellman*). This argument fails.

Contrary to what he suggests, Plaintiff's improper grouping of Marketing Labs and

Nesmetaju together as "Defendants" does indeed warrant dismissal of the SAC under Rules 8 and 10 in the Fifth Circuit. *See, e.g.*, Dkt. 22 at 10-11 (citing *Sahlein, Moore,* and *Cunningham v. Politi*).[1]  In *Sahlein v. Red Oak Cap.*, for example, the court found that the complaint there was a "***quintessential*** shotgun pleading subject to dismissal" under Rules 8 and 10 because, like Plaintiff's SAC does, "each count in the complaint purport[ed] to 'incorporate by reference all other allegations and statements contained in [the complaint] … as if fully set forth in each of the following paragraphs'" and "numerous paragraphs in the complaint **attribute[d] discrete actions … to all or multiple defendants** without explaining the basis for such grouping or distinguishing between the relevant conduct of the named Defendants."  2014 WL 3046477, at *4 (N.D. Miss. July 3, 2014) (emphasis added).

But what makes Plaintiff's SAC even more of a "quintessential shotgun pleading" here is that liability <u>in a TCPA case</u> like this one rests entirely on the <u>identity</u> of the caller— *i.e.*, on whether the defendant itself (not another party or non-party) physically made the calls or sent the texts at issue, or was in a common law agency relationship with a third party who did.  *See* Dkt. 22 at 12-23 (citing cases); *see also Gulden v. Consol. World Travel Inc.,* 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) ("*[b]ecause identity is a necessary element of all of Plaintiff's [TCPA] claims, this deficiency warrants dismissal of all of Plaintiff's claims*") (emphasis added)).  This is precisely why courts in the Fifth Circuit have dismissed TCPA complaints on this basis, as the Motion shows and as the Opposition does not refute. *See* Dkt. 22 at 10 (citing *Cunningham v. Politi,* 2019 WL 2519702, at *7, n.10 (E.D. Tex.

---

[1] *See also Cobarobio v. Midland Cty., Texas,* 2015 WL 13608102, at *9 (W.D. Tex. Jan. 7, 2015), *aff'd*, 695 F.App'x 88 (5th Cir. 2017) (ruling "global assertions of fault" are improper).

2

Apr. 26, 2019) (dismissing where plaintiff did not "clarify which of the … named parties made what calls," noting that a "[p]laintiff cannot merely tender naked assertions without any additional factual support to distinguish one defendant's conduct from another")).

That Plaintiff's Opposition ignores *Sahlein*, *Politi*, and many other applicable authorities in the Motion on this issue is quite telling, as his SAC does the same thing without ever identifying who physically sent the alleged texts, often using the "Defendant" or the plural "Defendants" interchangeably.[2]  *See* Dkt. 13, ¶¶ 15, 20-34, 36 40-43, 45, 47, 50, 52, 53, 55; *see also* Dkt. 22 at 5-6, 9-10.  Plaintiff's admission that he ***purposefully*** "group[ed] the Defendants together" (Dkt. 23 at 18) only further supports dismissal on this basis.

Additionally,  Plaintiff's Opposition noticeably does not ever indicate where ***in the SAC*** the Court can find any plausible factual "explanation" of why Plaintiff is grouping the "Defendants" together in this fashion.  That is because there is none.  Instead, Plaintiff at best (1) alleges "Nesmetaju is a parent-company of Marketing Labs" and (2) baldly (and incorrectly) concludes "Defendants operate through several alter egos or subsidiaries that hold themselves out, *inter alia* [*sic*] 'BrightenLoans.com', 'TheLendSource.com', and 'RushInLoans.com.'"  Dkt. 13, ¶¶ 12, 24. *See also id.* ¶ 32 (concluding these websites

---

[2] However, Plaintiff's SAC goes a step further, and it not only improperly groups the distinct corporate "Defendants" together (which alone warrants its dismissal under Rules 8 and 10), but it also groups them together with ***countless unidentified third parties***.  *See*  Dkt. 13, ¶ 15; *see also id.* ¶ 47 (referring to unidentified third party "agents or vendors" of the "Defendants" who allegedly texted him).  Courts dismissing TCPA complaints under Rules 8 and 10 have recognized that such allegations violate basic federal pleading standards because they "impermissibly lump[] multiple [d]efendants and non-parties together, making it unclear what theory of liability [p]laintiff is pursuing and/or which [d]efendants or non-parties are responsible for which actions."  *Hirsch v. Lyndon S. Ins. Co.,* 2019 WL 5110622, at *3 (M.D. Fla. June 7, 2019), *report and rec. adopted sub nom.* 2019 WL 8370863 (Aug. 6, 2019), *aff'd*, 805 F. App'x 987 (11th Cir. 2020).  This Court should rule similarly here.

"described various loans from the Defendants' affiliate companies").   As the Motion demonstrates, however, Plaintiff's SAC does <u>not</u> contain any non-conclusory factual allegations linking Marketing Labs or Nesmetaju to those websites, let alone to the alleged text messages themselves, or showing that those sites are their "alter egos or subsidiaries" or "affiliates."   *See* Dkt. 22 at 5-6, 15-16.   Nevertheless, even if there were such explanatory facts in his SAC, that still would not give him license to lump together ***distinct corporate entities*** or save his SAC from dismissal on this basis, as the Motion shows and the Opposition does not address.   *See* Dkt. 22 at 10-11 & n.7 (citing *Moore*, *Magnum Constr.*, and *Mason*); *see also Del Castillo v. PMI Holdings N. Am. Inc*, 2016 WL 3745953, at *17 (S.D. Tex. July 13, 2016) (dismissing in part on this basis where the complaint conflated parent and subsidiaries) (citing, *inter alia*, *Hinojosa v. Livingston,* 807 F.3d 657, 684 (5th Cir. 2015)).[3]

Finally, Plaintiff's exclusive reliance on *Marc Ellman, MD., P.A. v. MDOffice LLC* on this point (*see* Dkt. 23 at 17) is misplaced for at least three reasons.   <u>First</u>, it is inapposite because it is not a TCPA case, where the identity of the alleged callers is a paramount threshold liability issue.   <u>Second</u>, the defendants there apparently relied on cases regarding the heightened pleading standards under Rule 9(b), which is a different issue, as opposed to directly on-point Rule 8 and 10 authorities cited in the Motion and above.   *See* 2022 WL 980640, at *3 (W.D. Tex. Mar. 31, 2022).   <u>Third</u>, the court found specific factual allegations

---

[3] As one court in the Fifth Circuit aptly noted when granting a defendant summary judgment on vicarious liability grounds in a TCPA case, "[i]t is a general principle of corporate law that a parent corporation is not liable for the acts of its subsidiaries" and the corporate veil may only be pierced in certain ***limited circumstances***, such as when the corporate form is "misused." *Cunningham v. Advanta Corp.,* 2009 WL 290031, at *5 (N.D. Tex. Feb. 3, 2009) (citing *U.S. v. Bestfoods,* 524 U.S. 51, 61 (1998)).  No such circumstances are alleged here.

*in the complaint* explaining the plaintiff's basis for grouping the three defendants given the claims and unique circumstances of that case.[4]  In contrast, Plaintiff alleges no plausible facts in his SAC connecting Marketing Labs and Nesmetaju to the alleged texts despite identity being outcome determinative of TCPA liability, let alone facts explaining why he lumped the "Defendants" together given the much different claims and circumstances in this case.[5]

In sum, this Court should follow the weight of applicable authority cited by Marketing Labs on this point and dismiss Plaintiff's entire SAC with prejudice under Rule 8 and 10.

## II.   The SAC Should Also Be Dismissed Under Rule 12(b)(6) For Failure to State a Plausible Claim for Relief and Plaintiff Does Not Show Otherwise.

Plaintiff's meager efforts to refute Marketing Labs' multiple well-supported grounds for dismissal under Rule 12(b)(6) (*see* Dkt. 23 at 7-15) likewise fail on several levels.

### A.   Plaintiff Fails to Plead Facts Supporting Direct or Vicarious Liability.

To begin, the Motion demonstrates that the vast majority of federal courts (including courts in the Fifth Circuit) have held that plaintiffs must plead specific, non-conclusory facts supporting an inference the defendant itself, not some unidentified third party, actually "physically" placed the alleged calls or face dismissal under Rule 12(b)(6) at the pleadings

---

[4] Specifically, (i) all three defendants were alleged to be connected with the contracts forming the basis of the plaintiffs' breach of contract and warranties claims (either as a signatory or as a successor) but each denied responsibility, (ii) all three communicated with plaintiffs after execution, (iii) two defendants represented directly to the plaintiffs they were "guaranteeing and assuming the obligations" of the signatory defendant, and (iv) all three "performed the obligations and duties of the agreements" once executed.  *Id*. at *2-4.

[5] Plaintiff's Opposition provides no justification for grouping the "Defendants" together, either.  Instead, it merely suggests Plaintiff did so because he does not "know exactly which party within their conglomerate sent the texts at issue." Dkt. 23, at 7.  This circular argument is unavailing.  If plaintiffs could bring claims without alleging plausible facts identifying the caller or connecting the defendants with the alleged calls, TCPA cases would never be dismissed on direct and vicarious liability grounds or as "shotgun" pleadings—and, yet, they are routinely dismissed on those bases in and beyond the Fifth Circuit.  *See* Dkt. 22 at 9-23.

stage on direct TCPA liability grounds.  *See* Dkt. 22 at 12-17 and nn. 8 & 10 (citing, *inter alia*, *Cunningham v. Lifestyles Dev., LLC*).[6]  As one such court aptly held, "[m]erely alleging that [a defendant] 'made' or 'initiated' [a] call"—which is <u>all</u> Plaintiff's SAC does here— "is not sufficient to allege a [direct] TCPA [liability] claim" or to avoid dismissal.  *Id.* at 14-15 (quoting *Frank v. Cannabis & Glass, LLC,* 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019)).  In other words, for direct TCPA liability to attach, Plaintiff must allege specific, non-conclusory facts supporting a plausible inference that Marketing Labs <u>itself</u> (or Nesmetaju itself, which has not been served in this case), and not another party or some third party, ***<u>literally</u> picked up the phone and <u>physically</u> called (or, here, texted) him <u>directly</u>***.  *See also In re Dish Network, LLC*, 2013 28 FCC Rcd. 6574, 6583 ¶ 26 (2013) ("merely having some role, however minor, in the causal chain that results in the making of a telephone call" is insufficient for direct TCPA liability).  Plaintiff does not argue otherwise.

In fact, Plaintiff's Opposition tellingly does not address or distinguish any of the many directly on-point authorities cited in the Motion on direct TCPA liability.  Worse, Plaintiff seemingly concedes Marketing Labs' direct liability arguments entirely, appearing instead to focus solely on the distinct legal concept of <u>vicarious</u> TCPA liability.  *See* Dkt. 23 at 7-8 (purportedly citing cases on the standards for pleading "an agency relationship in which vicarious liability can be found") and *id.* at 9-11 (citing primarily cases relevant only to vicarious liability).  Nevertheless, while Plaintiff suggests that (but does not actually show

---

[6] As previously noted (*see* Dkt 22 at 3, n.2), courts in this District have dismissed starkly similar (if not virtually identical) and equally conclusory TCPA complaints brought by the same attorneys representing Plaintiff in this case on direct and vicarious liability grounds. *See, e.g., Agbim v. HWAT Inc.*, Case No. 4:21-cv-01861 (S.D. Texas), Dkt. 11 (dismissed by minute entry after oral argument on Nov. 3, 2021) (Ellison, J.).  This Court should too here.

how) his SAC sufficiently identifies "which party directly sent the offending texts" (*id*. at 7), nowhere does his Opposition ever once identify who that "party" is, much less show where there are any specific non-conclusory factual allegations in his SAC doing so.  That is because such allegations do not appear in the SAC, either.  *See* Dkt. 22 at 4-6, 12-17.

Rather, as noted above, Plaintiff admits in his brief that he improperly lumped the "Defendants" and countless unidentified third parties together merely because he does not "know exactly which party within their conglomerate sent the texts at issue."  Dkt. 23 at 7. In other words, like in his SAC (*see* Dkt. 13, ¶¶ 15, 47), Plaintiff's Opposition **concedes** that he does not know who (if anyone) actually physically texted him and that unidentified third parties may have, which belies his bald argument that he has sufficiently identified who "directly" sent the alleged texts.[7]  In short, Plaintiff plainly cannot plead direct TCPA liability and, as discussed below (*see* pp. 13-15), his request for "discovery" does not save his SAC.

Moreover, while Plaintiff's Opposition focuses only on vicarious TCPA liability as noted above, it does not meaningfully attempt to refute Marketing Labs' argument, much less even mention the many on-point Fifth Circuit and other authorities cited in the Motion on that front—save for one case upon which he relies for his own argument but does not support his position, as discussed below.  *See* Dkt. 22 at 17-22 (citing, *Cunningham v. Lifestyles Dev., LLC*, *Moreland*, *Horton* and *Callier*).  Again, the Motion demonstrates <u>all</u>

---

[7] As noted in the Motion, this Court should reject Plaintiff's inconsistent and contradictory allegations and arguments on their face.  *See* Dkt. 22 at 17 (citing *Hernandez* and *Cicalese*). Moreover, while the alleged texts here and documents attached to the SAC do not identify Marketing Labs or Nesmetaju, even if they did that would still not be enough to plausibly allege direct TCPA liability and avoid dismissal, standing alone. *See, e.g., Meeks v. Buffalo Wild Wings, Inc.,* 2018 WL 1524067, at *3–5 (N.D. Cal. Mar. 28, 2018) (dismissing on this basis even though the alleged texts identified the defendant and included link to its website).

plaintiffs must allege specific non-conclusory <u>facts</u> supporting an inference the defendant had "control" over a third party caller and the "manner and means" of the calling campaign conducted by that third party to plead agency for vicarious TCPA liability purposes and avoid dismissal under Rule 12(b)(6).  *See* Dkt. 22 at 19 (citing, *inter alia*, *In re Monitronics* and *Callier*). Yet, Plaintiff's Opposition does not refute that argument or indicate where in the SAC such facts can be found because, again, none exist beyond his naked conclusions.[8]

Finally, Plaintiff's sparse cited authorities on these points are readily distinguishable. For example, while he also relies on (but does not analyze) *Cunningham v. Lifestyles Dev., LLC* (*see* Dkt. 23 at 8)—which is the <u>only</u> case on direct or vicarious liability cited in the Motion that he even mentions in his Opposition—it does <u>not</u> support his position and actually supports Marketing Labs' position.  *See* 2019 WL 4282039, at *5 (E.D. Tex. Aug. 8, 2019) (dismissing for failure to plead plausible facts supporting a viable TCPA liability theory). Applying just *Lifestyles* to Plaintiff's SAC dooms it to dismissal under Rule 12(b)(6).[9]

*Baldridge v. Sunpath, Ltd.*—which is the only other decision from a Fifth Circuit court upon which Plaintiff relies in his brief on this front (*see* Dkt. 23 at 11)—(1) does not analyze the standards for pleading direct or vicarious liability under Rule 12(b)(6), (2) does not cite

---

[8] Indeed, as the Motion shows, Plaintiff offers only legal conclusions and "agency" legal buzzwords.  *See* Dkt. 22 at 20-22.  Plaintiff's Opposition does not dispute this, either.

[9] Plaintiff cites to, but also does not analyze, three other decisions from courts in the Middle District of Tennessee where Cunningham—a prolific filer of faulty TCPA complaints, like Plaintiff—"adequately" pled vicarious liability under Sixth Circuit law and avoided dismissal in some cases.  S*ee* Dkt. 23 at 7.  But Cunningham has not had the same success in the Fifth Circuit, as the *Lifestyles* case (among others) shows, or in that same district. *See, e.g., Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2021 WL 1946645, at *2–4 (M.D. Tenn. May 14, 2021) (dismissing for failing to allege any viable liability theory). In any event, in those other cases, Cunningham at least pled some "facts" identifying the caller.

any applicable Fifth Circuit or other authorities on those issues, and (3) only rules on whether the defendant was subject to *personal jurisdiction* under Rule 12(b)(2) based on the *extrinsic evidence* presented by the parties during briefing.  *See* 2022 U.S. Dist. LEXIS 38377, at *1 (S.D. Tex. Mar. 4, 2022).  None of that is true here, and thus *Baldridge* is inapposite.[10]

In *Klassen v. Protect My Car Admin Servs.* (*see* Dkt. 23 at 10), the defendant argued the plaintiff had created "confusion" by alleging the defendant had "acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers when placing calls" to the plaintiff (just like Plaintiff's SAC does, *see* ¶ 15); but it "cite[d] no authority suggesting that this allegation requires dismissal of the TCPA claim."  2021 U.S. Dist. LEXIS 160058, at *5-6 (M.D. Fla. Aug. 23, 2021).  In this case, Marketing Labs has provided this Court with such authority, which Plaintiff's Opposition ignores.  *See* Dkt. 22 at 21 (citing *Aaronson*, where the court found the *exact same conclusory allegations* warranted dismissal under Rule 12(b)(6)).

While Plaintiff places a lot of weight on *Bower v. Nat'l Admin. Serv. Co., LLC* (*see* Dkt. 23 at 9-10), that court's decision (1) is short and perfunctory with virtually no analysis, (2) does not discuss or even apply any applicable direct or vicarious liability TCPA authority or discuss the standards for pleading such claims either, and (3) stands in stark contrast to

---

[10] Indeed, the procedural posture in *Baldridge* was much different than it is here.  The defendant there made a *factual* challenge to the Court's *personal jurisdiction* under Rule 12(b)(2) and presented extrinsic evidence directly contradicting the plaintiff's direct and vicarious liability allegations, as opposed to *facially* challenging the sufficiency of the direct and vicarious allegations pled in the complaint under 12(b)(6) or 12(b)(1), like Marketing Labs does.  *See* Case No. 4:21-cv-03629, Dkt. 8 at 1-2 & Dkt. 8-1.  Moreover, in response to that defendant's motion to dismiss, the plaintiff also presented extrinsic evidence suggesting the defendant has a contract with the telemarketer that placed the calls.  *See id.*, Dkt. 11 at 9-10 (plaintiff's response) & Dkts. 11-1 and 11-2 (exhibits).  Such is not true here.

the many on-point authorities cited in the Motion and above on those issues. *See* 2022 WL 821166, at *1–4 (M.D. Pa. Mar. 17, 2022). Moreover, the plaintiff there allegedly spoke with the caller, which resulted in him purchasing an auto warranty issued by the defendant. *Id*. at *2. The same is true for *Bilek v. Fed. Ins. Co. See* Dkt. 23 at 11-12 (citing 8 F.4th 581, 585, 589 (7th Cir. 2021)). Again, <u>nothing</u> in the SAC connects to the "Defendants."[11]

In sum, because Plaintiff does not refute, and largely concedes, Marketing Labs' arguments on direct and vicarious liability, his entire SAC should be dismissed under Rule 12(b)(6). *See Gulden,* 2017 WL 3841491, at *3; *Naiman v. Freedom Forever, LLC,* 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019) (dismissing TCPA DNC claim where plaintiff failed calls were made "by on behalf of the same entity"—*i.e.*, direct or vicarious liability).

### B.   Plaintiff's Arguments on the Elements of his TCPA DNC Claims Fail.

Plaintiff's <u>only</u> argument in support of the other essential elements of his DNC claims is that he purportedly uses his phone for residential purposes and thus that it is properly listed on the National DNC registry. *See* Dkt. 23 at 14-15. While Marketing Labs does not concede that point, that issue is not raised in the Motion. *See* Dkt. 22 at 24-25. Because Plaintiff does not address Marketing Labs' actual arguments, which relate to his failure to show an <u>internal</u> DNC rule violation or facts showing he received more than one text "by or on behalf

---

[11] At best, Plaintiff oddly argues near the end of his brief that because "Nesmataju [*sic*] acknowledged it is associated with the messges [*sic*] sent and Marketinglabs [*sic*] works in concert with Nesmetaju, the defendants can be traced" to his alleged injury; and, in support, improperly cites three exhibits not attached to or referenced in his SAC. Dkt. 23 at 17. Yet, not only does Plaintiff misconstrue their content, but also these exhibits do not support an inference that Marketing Labs or Nesmetaju are direct or vicarious liability for the alleged texts, and it is axiomatic that a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Roebuck v. Dothan Sec., Inc.,* 515 F. Appx. 275, 280 (5th Cir. 2013).

of the same entity" in a 12-month period, he conceded them. *See Heisler v. Kean Miller, LLP,* 2021 WL 3852261, at *2 (E.D. La. Aug. 27, 2021) ("The Fifth Circuit has noted that a plaintiff's failure to defend her claims beyond her complaint constitutes abandonment of those claims.") (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)).

### C.    Plaintiff's Argument in Support of His State Claim Fails.

Plaintiff's Opposition suggests that simply alleging the Defendants did not have a "certificate to be a telephone solicitor" is enough to avoid dismissal of his state law claim in Count III.  Dkt. 23 at 18 (citing *Pepper v. Life Protect 24/7, Inc.*).  He is wrong.  In *Pepper*, the plaintiff's complaint "***cite[d] a web address that confirm[ed]*** that [the defendant] was [not] registered with the Office of the Secretary of State at the time the calls were placed." 2021 WL 4084514, at *3 (S.D. Tex. Mar. 1, 2021) (emphasis added).[12]  Plaintiff's SAC here contains no such allegations and, instead, merely regurgitates the elements of the statute without factual support.  Dkt. 13, ¶¶ 34, 51-56.  Moreover, Plaintiff ignores that, with his federal claims properly dismissed, his pendent state claim is also properly (and indeed should be) dismissed in any event.  *See* Motion at 26-27 (citing *Bass*, *Gibbs*, *Cunningham v. Radius Glob. Sols., Sepehry-Fard*).  Plaintiff has therefore conceded that point.  *See Heisler, supra.*

### III.    The SAC Should Also Be Dismissed Under Rule 12(b)(1) As Plaintiff Has Not Demonstrated All the Requisite Elements for Article III Standing.

In response to Marketing Labs' facial Article III standing challenge (*see* Dkt. 22 at 27-28), Plaintiff argues that unwanted calls can amount to an "injury-in-fact," as required for

---

[12] Marketing Labs assumes the omission of the word "not" in *Pepper* is a typographical error, as a violation of Section 302.101 of the TBCC depends on a defendant's ***failure*** to register.  Otherwise, respectfully, Judge Hoyt erred in not dismissing that claim there.

Article III standing.  *See* Dkt. 23 at 16-17.  Plaintiff's argument here fares no better.

To demonstrate Article III standing and avoid dismissal under Rule 12(b)(1), Plaintiff bears the burden of pleading specific, plausible, non-conclusory facts supporting ***three*** requisite elements: an "injury-in-fact," causation (a.k.a. "traceability"), and redressability. *See* Dkt. 22 at 8-9, 27 (citing, *inter alia*, *Lujan*, *Spokeo*, *Lexmark*, and *Simon*).  Plaintiff's failure to satisfy ***any one*** of these elements is fatal to his entire SAC and warrants its dismissal under Rule 12(b)(1) on lack of standing grounds.  *See, e.g., Williams v. Parker,* 843 F.3d 617, 621 (5th Cir. 2016); *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019).

In this regard, and without conceding the injury element, the Motion shows how Plaintiff failed to plead any actual facts (and instead offers only bald conclusions) connecting Marketing Labs or Nesmetaju to the alleged texts in his SAC; therefore, he has not satisfied the Article III ***traceability*** or ***redressability*** elements, and his entire SAC is also subject to dismissal under Rule 12(b)(1).  *See* Dkt. 22 at 27-28 (citing, *inter alia*, *Friedman*, *Barker*, *Hicks*, and *Scruggs*). Yet, beyond improperly attempting to replead through briefing by referring to exhibits not attached to his SAC (*see* fn. 11, *supra*), which this Court is <u>not</u> allowed to consider when ruling on the Motion,[13] Plaintiff's Opposition does not otherwise address Marketing Labs' Article III traceability/redressability argument or cited authorities,

---

[13] "A court cannot consider extrinsic evidence for a Rule 12(b)(1) motion that presents a facial attack to subject-matter jurisdiction," which is what the Motion makes.  *Koster v. Grafova*, 2019 WL 2124532, at *6 (N.D. Ala. May 15, 2019); *see also Outlaw Lab., LP v. Shenoor Enterp., Inc.,* 371 F. Supp. 3d 355, 360 (N.D. Tex. 2019) ("Here Defendants filed their Rule 12(b)(1) motion without any additional evidence, so it is considered a facial attack."); *Williams v. J.B. Hunt Transp., Inc.*, 132 F. Supp. 3d 858, 861–62 (S.D. Tex. 2015), *aff'd*, 826 F.3d 806 (5th Cir. 2016) (distinguishing between "facial" and "factual" attacks); *Bircher v. Bank of N.Y. Mellon*, 2012 WL 3245991, at *1 (N.D. Tex. Aug. 9, 2012) (same).

nor does it offer any supporting or contrary authority on this front. Therefore, Plaintiff has also conceded that his SAC should be dismissed under Rule 12(b)(1). *See Heisler, supra.*

## IV. **Plaintiff is Not Entitled to "Jurisdictional" or Any Other Discovery Here.**

Additionally, while he boldly posits the SAC "alleges sufficient facts to survive the motion to dismiss" and "go[es] beyond what Rule 8 requires," Plaintiff also vaguely suggests that he is entitled to discovery (what he calls "jurisdictional discovery') to adequately plead a direct or vicarious TCPA liability claim or to show Article III standing. *See* Dkt. 23 at 2, 8 and 12-14 (citing, *inter alia*, *Cano*). This argument fails primarily for three key reasons:

First, assuming *arguendo* that Plaintiff is actually seeking "jurisdictional" discovery, the Motion only makes a *facial* challenge to this Court's ***subject matter jurisdiction*** under Rule 12(b)(1), as a secondary basis for dismissal, based solely on the sufficiency of the allegations ***pled in the SAC***. *See* Dkt. 22 at 27. Plaintiff is not entitled to any "jurisdictional" discovery to refute a facial standing challenge in the Fifth Circuit. *See, e.g., Hunter v. Branch Banking & Tr. Co.,* 2012 WL 5845426, at *2 (N.D. Tex. Nov. 19, 2012); *see also McElmurray v. Consol. Gov't of Augusta-Richmond Cty.,* 501 F.3d 1244, 1251 (11th Cir. 2007) (finding district court did not err in dismissing without permitting discovery because the Rule 12(b)(1) challenge to jurisdiction was facial, not factual); *Bircher,* 2012 WL 3245991, at *1 (citing *McElmurray* with approval).[14] Second, Plaintiff is "not entitled to

---

[14] The *Cano v. Assured Auto Grp.* case upon which Plaintiff primarily relies is also inapposite for this reason, as the defendant there moved to dismiss under Rule 12(b)(2) for lack of ***personal jurisdiction***, and that court found that in the context of a personal jurisdiction motion it would be reversible error under binding Fifth Circuit precedent not to allow jurisdictional discovery. *See* 2021 WL 3036933, at *10 (N.D. Tex. July 19, 2021). Such is not true with respect to a facial attack on subject matter jurisdiction, as noted above.

discovery prior to the disposition of the Rule 12(b)(6) motion" either, which is the primary grounds for dismissal in the Motion. *Robinson v. Stephens*, 726 F.App'x 228, 229 (5th Cir. 2018).[15]  Third, Plaintiff's suggestion he "needs discovery to confirm who called him and how that person is related" to the "Defendants" only serves to destroy any lingering notion he has sufficiently pled a plausible TCPA claim or Article III standing and further supports dismissal of his SAC.  *Scruggs v. CHW Grp., Inc.*, 2020 WL 9348208, at *6 (E.D. Va. Nov. 12, 2020) (dismissing similarly-defective TCPA complaint under 12(b)(1) and 12(b)(6)).

Moreover, even if Plaintiff were entitled to the "jurisdictional discovery" he purportedly seeks here, his request should still be denied.  "As the party opposing dismissal and requesting discovery, [Plaintiff] bear[s] the burden of demonstrating the ***necessity*** of discovery."  *Davila v. U.S.*, 713 F.3d 248, 264 (5th Cir. 2013) (citing *Freeman v. U.S.*, 556 F.3d 326, 341–42 (5th Cir. 2009)) (emphasis added).  "'[V]ague assertions that … discovery will produce needed, but unspecified, facts'" will not suffice.  *Freeman*, 556 F.3d at 342 (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)).  Plaintiff also is "'not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion.'"  *Davila*, 713 F.3d at 264 (quoting *Freeman*, 556 F.3d at 342 (affirming denial of request for discovery where "plaintiffs failed to articulate a ***discrete discovery request*** that might cure the jurisdictional deficiency and have failed to otherwise specify where they might discover

---

[15] *See also Hurley v. Messer,* 2018 WL 4854082, at *4 (S.D.W.Va. Oct. 4, 2018) (denying discovery request in a TCPA case, noting "allowing discovery where Plaintiff has failed to allege a plausible claim would be directly contrary to the mandates of *Iqbal* and *Twombly*").

the necessary factual predicate for subject matter jurisdiction") (emphasis added)).

In this regard, Plaintiff also does not articulate any particular discovery request in his Opposition (let alone a "discrete" one) or he specify where he might discover the necessary factual predicate for subject matter jurisdiction. In short, Plaintiff clearly is on an unjustified fishing expedition and his request should be flatly rejected. *See Freeman* and *Davila*, *supra*.

In sum, as "master of his Complaint," Plaintiff not only has "the burden to state the facts within his knowledge that, taken as true, constitute a violation or violations of law" but also "possesses knowledge as to each and every [text] he [allegedly] received from ["Defendants"] and is perfectly capable of pleading facts to indicate to the Court that those [texts] violated the TCPA"—but he is <u>not</u> entitled to any discovery to help him do so. *Hyatt v. J.B. Hunt Transp. Servs., Inc*., 2015 WL 13648356, at *2 (W.D. Ark. June 16, 2015). "As [he] failed to plead these facts, his Complaint must be dismissed" in its entirety. *Id*.

## V.    <u>Plaintiff's Opposition Concedes Marketing Labs' Remaining Arguments.</u>

Lastly, Plaintiff's Opposition does not address, and thus has conceded, Marketing Labs' argument that he lacks Article III standing to seek injunctive relief. *See* Dkt. 22 at 28 (citing *Miller* and *Schaevitz*); *Heisler, supra.* It also concedes Marketing Labs' argument that Plaintiff failed to allege facts supporting a willful or knowing TCPA violation (*see* Dkt. 22 at 25-26) by citing no authority supporting his counterargument. *See* Dkt. 23 at 15. *See also Spencer v. City of Eutaw, Ala.*, 2008 WL 11380073, at *17 (N.D. Ala. Aug. 14, 2008) (deeming an argument waived where party did not provide any legal authority in its brief supporting it) (citing various cases)). It also does not dispute that dismissal should be <u>with prejudice</u>. *See* Dkt. 22 at 29. Thus, Plaintiff has also conceded that point. *Heisler, supra.*

Dated: May 9, 2022                          Respectfully submitted,


                                            By:  /s/ A. Paul Heeringa

                                                 Richard S. Hartunian (SD TX Bar No.
                                                 3596630)
                                                 Christine M. Reilly (admission to be
                                                 requested)
                                                 A. Paul Heeringa (admitted *pro hac vice*)
                                                 **MANATT, PHELPS & PHILLIPS, LLP**
                                                 7 Times Square
                                                 New York, NY 10036
                                                 Telephone: (212) 790-4500
                                                 Fax: (212) 790-4545
                                                 Email: rhartunian@manatt.com
                                                   creilly@manatt.com
                                                   pheeringa@manatt.com

                                                 *Attorneys for Defendant*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on  May 9, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.


<u>/s/ *A. Paul Heeringa*</u>

A. Paul Heeringa