IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RICHARD HENDERSON,<br><br>   Plaintiff,<br>v.<br><br>NESMETAJU, LLC and MARKETING LABS, LLC, d/b/a BRIGHTENLOANS.COM, THELENDSOURCE.COM and RUSHINLOANS.COM<br><br>   Defendants. | Case No. 3:21-cv-00255 |

**DEFENDANT MARKETING LABS, LLC'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

BACKGROUND AND PROCEDURAL HISTORY ...................................................... 2

APPLICABLE LAW ....................................................................................................... 5

ARGUMENT ................................................................................................................... 6

CONCLUSION .............................................................................................................. 11

## TABLE OF AUTHORITIES

Page

### CASES

*Ackerman v. Glob. Vehicles U.S.A., Inc.*,
2011 WL 3847427 (E.D. Mo. Aug. 26, 2011) ............................................................... 9

*Acqis LLC v. Lenovo Grp. Ltd.*,
2022 WL 2078035 (W.D. Tex. June 9, 2022) ............................................................... 7

*AGIS Software Dev., LLC v. ZTE Corp.*,
2018 WL 4053897 (E.D. Tex. July 20, 2018) ............................................................... 6

*Aprese Sys. Texas, LLC v. Audi AG*,
2022 WL 891951 (W.D. Tex. Mar. 25, 2022) ....................................................... 6, 7, 8

*Baker Hughes Inc. v. Homa*,
2012 WL 1551727 (S.D. Tex. Apr. 30, 2012) ............................................................... 5

*Blackbird Tech LLC v. Trivago N.V.*,
2021 WL 6618489 (E.D. Tex. Dec. 16, 2021) ..................................................... 6, 8, 11

*Buffalo Pats., LLC v. ZTE Corp.*,
2022 WL 2055285 (W.D. Tex. June 3, 2022) ............................................................... 7

*Canal Indem. Co. v. Castillo*,
2010 WL 11566311 (W.D. Tex. Feb. 22, 2010) ........................................................ 7, 9

*Cedar Lane Techs. Inc. v. Hitachi Kokusai Elec., Inc.*,
2021 WL 4441977 (W.D. Tex. Sept. 27, 2021) ............................................................ 7

*Chalmers v. City of Dallas*,
2014 WL 1778192 (N.D. Tex. May 5, 2014) ............................................................... 9

*Compass Bank v. Katz*,
287 F.R.D. 392 (S.D. Tex. 2012) .................................................................................. 6

*Guangzhou Jinli Elec. Tech. Co. v. Shenzhen Damuzhi Health Info. Consult. Co.*,
2022 WL 174516 (W.D. Tex. Jan. 19, 2022) ............................................................... 7

*In re OnePlus Tech. (Shenzhen) Co., Ltd.*,
2021 WL 4130643 (Fed. Cir. Sept. 10, 2021) ........................................................... 6, 7

*Knit With v. Knitting Fever, Inc.*,
2010 WL 4977944 (E.D. Pa. Dec. 7, 2010) ................................................................ 10

*LG Elecs., Inc. v. ASKO Appliances, Inc.*,
2009 WL 1811098 (D. Del. June 23, 2009) ............................................................... 10

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzen) Tech., Ltd.*,
2021 WL 4974040 (W.D. Tex. Oct. 25, 2021) ............................................................. 7

# TABLE OF AUTHORITIES
(continued)

**Page**

*PHH Mortgage Corp. v. Stewart*,
   2020 WL 10501809 (W.D. Tex. Oct. 26, 2020) .......................................................... 10

*Ransom v. Brennan*,
   437 F.2d 513 (5th Cir. 1971) ....................................................................................... 9

*STC.UNM v. TP-Link Techs. Co.*,
   2019 WL 13026862 (W.D. Tex. June 24, 2019), *on reconsideration,* 2020 WL
   10758856 (Jan. 2, 2020) ............................................................................................ 11

*Trs. of Purdue Univ. v. STMicroelectronics N.V.*,
   2021 WL 5393711 (W.D. Tex. Nov. 18, 2021) .................................................... 6, 8, 9

*U.S. v. Real Prop. Known as 200 Acres of Land Near Farm to Mkt. Rd. 2686, Starr
   Cnty., Rio Grand City, Tex. 78582*
   2012 WL 6738674, (S.D. Tex. Nov. 19, 2012) ............................................................ 9

*U.S. v. Ziegler Bolt & Parts Co.*,
   111 F.3d 878 (Fed. Cir. 1997) ...................................................................................... 9

*WorldVentures Holdings, LLC v. Mavie*,
   2018 WL 6523306 (E.D. Tex. Dec. 12, 2018) ........................................................... 10

*Zanoprima Lifesciences, Ltd. v. Hangsen Int'l Grp. Ltd.*,
   2022 WL 1229290 (W.D. Tex. Apr. 5, 2022) .............................................................. 7

## STATUTES

Telephone Consumer Protection Act ................................................................................... 2

## RULES

Fed. R. Civ. P. 4 ........................................................................................................ passim

## **INTRODUCTION**

In his Motion for Alternative Service (Dkt. 30, "Motion"), Plaintiff Richard Henderson ("Plaintiff") makes clear that he has made no attempt to serve defendant Nesmetaju, LLC ("Nesmetaju")[1]—a non-U.S. based entity—in its home country through the proper foreign channels in the nearly ***nine months*** since he commenced this case, let alone explain why he has failed to do so, despite being recently advised by a process server that such service "could take up to a year." In fact, despite Plaintiff filing his original complaint naming Nesmetaju in this matter in ***September 2021*** (*see* Dkt. 1), the declarations filed in support of his Motion (*see* Dkts. 30-1 and 30-2) indicate that his counsel did not even contact that process server until ***April 2022*** and otherwise do not suggest that such service was attempted. Nor does he argue he engaged that process server to try foreign service. Moreover, Plaintiff tellingly filed his Motion ***nearly a month after*** his counsel notified the Court during the initial status conference on May 11, 2022 that they intended to file it, and after Marketing Labs' motion to dismiss his current complaint was fully briefed (*see* Dkts. 22 and 28).

In other words, per his own admission, had Plaintiff actually followed the proper federal procedures for effectuating foreign service from the outset of this case nine months ago, Nesmetaju would likely have already been properly served by now and, thus, he would not have wasted this Court's time with his Motion. Instead, Plaintiff urges the Court to bypass those procedures entirely, forgive his obvious lack of diligence, delay a ruling on Marketing

---

[1] Because Nesmetaju is a foreign company and has not been served or appeared in this matter, Defendant Marketing Labs, LLC ("Marketing Labs") files this Opposition to the Motion to oppose Plaintiff's improper request for alternative service, reserving and without waiver of any arguments with respect to service of process or personal jurisdiction as to Nesmetaju. This brief should not be understood as an appearance on behalf of Nesmetaju.

1

Labs' dispositive motion, and permit alternative service on Nesmetaju through Marketing Labs' litigation counsel in this case. However, Plaintiff's Motion provides no justification warranting the relief he seeks, nor good reason why he should be allowed to circumvent the normal foreign service rules here. And numerous courts in the Fifth Circuit have held that plaintiffs first must actually *attempt* service on a foreign entity in compliance with applicable law before permitting alternative service under Rule 4. Because Plaintiff plainly failed to do so here and offers no excuse for his lack of diligence, his Motion should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Nesmetaju is a foreign limited liability company based in Saint Kitts and Nevis. *See* Dkt. 13, ¶ 11. On September 17, 2021, Plaintiff filed his original Complaint in this matter, incorrectly naming "Nesmetaju d/b/a Leadsmarket.com" as the sole defendant and seeking relief under the Telephone Consumer Protection Act ("TCPA") and related Texas state law. *See* Dkt. 1. On September 20, 2021, the Court issued a summons for Nesmetaju. *See* Dkt. 4.

In late September and early October of 2021, the undersigned counsel made various attempts to contact Plaintiff's lead counsel (Jacob Ginsburg) to notify him that Leadsmarket.com—which is a separate and distinct legal entity having nothing to do with the underlying claims in this case—had been incorrectly named. *See* Declaration of A. Paul Heeringa ("Heeringa Decl."), attached hereto, at ¶ 3. Rather than attempt to serve Nesmetaju directly or amend to name the proper entity, Plaintiff's counsel sent the undersigned counsel a service waiver for Nesmetaju on October 5, 2021. *See* Dkt. 30-5. On October 6, 2021, the undersigned responded he was not authorized to accept service on Nesmetaju's behalf. *Id*. That same day, Plaintiff's counsel asked for Nesmetaju's "correct address" and was informed

2

Nesmetaju was an "offshore entity." Heeringa Decl., ¶ 4 and Exhibit ("Ex.") A thereto.[2]

On December 11, 2021, Plaintiff filed his First Amended Complaint ("FAC") in this matter, once again naming Nesmetaju (though no longer as a "DBA" for Leadsmarket.com) and also adding Marketing Labs as a defendant. *See* Dkt. 6. On December 13, 2021, the Court issued new summonses as to Nesmetaju and Marketing Labs. *See* Dkt. 8. Again, rather than attempting to serve Nesmetaju in its home country, and despite already being informed on multiple occasions they would have to serve Nesmetaju by following the proper federal procedures for foreign service, Plaintiff's counsel again asked if the undersigned counsel would accept service of the FAC for Nesmetaju on December 16, 2021. *See* Dkt. 30-6.[3]

On January 18, 2022, Plaintiff's counsel sent the undersigned counsel a draft of a Second Amended Complaint ("SAC") and asked if the undersigned was authorized to "accept service … on behalf of Nesmetaju and/or Marketinglabs [*sic*]," and the undersigned reiterated he did not have authority. Heeringa Decl., ¶ 7 and Ex. B thereto. On January 24, 2022, Plaintiff filed the SAC against Nesmetaju and Marketing Labs. *See* Dkt. 13. On January 25, 2022, the Court issued summonses as to Nesmetaju and Marketing Labs. *See* Dkt. 15. On February 11, 2022, Plaintiff filed a return of service for the SAC as to Marketing Labs only. *See* Dkt. 16. Rather than attempt to serve Nesmetaju using the proper procedures

---

[2] Counsel also held a teleconference on October 11, 2021 and discussed these issues. *See* Heeringa Decl., ¶ 5. At that time, Plaintiff's counsel was again informed that he had named the wrong entity (*i.e.*, Leadsmarket) in the Complaint, that Nesmetaju was a distinct foreign company and, as such, that Nesmetaju would needed to be conventionally served in its home country using the proper federal procedures for effectuating foreign service. *Id*.

[3] Because this request was sent while the undersigned was on vacation and Plaintiff's counsel had already been repeatedly informed the undersigned was not authorized to accept service for Nesmetaju, the undersigned did not respond until January 7. *See* Heeringa Decl., ¶ 6.

for serving a foreign entity, Plaintiff's counsel again asked the undersigned to accept service of the SAC on Nesmetaju's behalf, and was notified again that the undersigned was not authorized to do so. *See* Dkt. 30-7. The undersigned has also had various other discussions with Plaintiff's counsel beyond those noted above, each time making clear to Plaintiff's counsel that Nesmetaju is a separate and distinct foreign-based legal entity and, as such, would need to be served separately and in its home country. *See* Heeringa Decl., ¶¶ 8-9.

On February 16 and March 14, 2022, defense counsel appeared in this matter on behalf of Marketing Labs only. *See* Dkts. 17 and 21. On April 1, 2022, Marketing Labs moved to dismiss the SAC. *See* Dkt. 22. That motion has been fully briefed since May 9, 2022. *See* Dkts. 23 and 28. Nesmetaju has not appeared to date. *See* Heeringa Decl., ¶ 10.[4] The parties also participated in a scheduling conference (at which time counsel for Plaintiff indicated his intent to file the Motion) on May 11, 2022 and the Court entered a scheduling order on May 12, 2022. *See* Dkt. 29. Nearly a month later, on June 3, 2022, Plaintiff filed the instant Motion seeking alternative service on Nesmetaju via the undersigned counsel for Marketing Labs. *See* Dkt. 30. As shown below and in the Motion, Plaintiff has made no

---

[4] As noted in Marketing Labs' motion to dismiss, "Plaintiff requested summonses for both named defendants (*i.e.,* Marketing Labs, LLC and Nesmetaju, LLC), which incorrectly list these distinct entities as having the same business address. *See* Dkts. 14 and 14-1. Yet, the return of service Plaintiff filed (*see* Dkt. 16) only reflects service on Marketing Labs, LLC. ***While Marketing Labs does not concede that either entity has been properly served or named in this matter*** or are (or could be) liable, or that Nesmetaju is subject to jurisdiction in this or any other U.S. forum, this Motion should be understood as covering all named 'Defendants' in this matter, to the extent Plaintiff contends that Nesmetaju, LLC has also been served (which is disputed), ***solely out of an abundance of caution, and without conceding waiving any objections or arguments on those issues***. *References to Nesmetaju here should not be deemed as an appearance by that party.*" Dkt. 22 at 1, n.1 (emphasis added). Thus, Plaintiff's representation in his Motion that the undersigned counsel "is counsel for Nesmetaju in this case" (*see* Dkt. 30 at 1) is not accurate.

4

attempt to serve Nesmetaju with process in compliance with foreign law to date.

## APPLICABLE LAW

Federal Rule of Civil Procedure 4(h) governs service upon foreign entities such as Nesmetaju. Under Rule 4(h), "[a] foreign corporation can be served outside of the United States 'in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).'" *Baker Hughes Inc. v. Homa*, 2012 WL 1551727, at *14 (S.D. Tex. Apr. 30, 2012) (citation omitted). Rule 4(f) provides that a foreign corporation can be served outside of the United States in accordance with the following procedures:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)-(3). Here, Plaintiff seeks to invoke Fed. R. Civ. P. 4(f)(3).

## ARGUMENT

It is well-established that alternative service on a foreign defendant under Fed. R. Civ. P. 4(f)(3) should be permitted "**only when special circumstances** have justified departure from the more conventional means of service." *Blackbird Tech LLC v. Trivago N.V.*, 2021 WL 6618489, at *2 (E.D. Tex. Dec. 16, 2021) (quoting *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021)) (emphasis added). Here, Plaintiff has not identified "special" (nor any) circumstances warranting departure from usual conventional service procedures in this case. Indeed, despite complaining that it "could take up to a year" to do so (Dkt. 30 at 2), Plaintiff **has not even attempted** to serve Nesmetaju through conventional means in the nearly nine months since this case has been pending.

As one district court aptly noted, "'principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant.'" *Aprese Sys. Texas, LLC v. Audi AG,* 2022 WL 891951, at *2 (W.D. Tex. Mar. 25, 2022) (quoting *Trs. of Purdue Univ. v. STMicroelectronics N.V.*, 2021 WL 5393711 at *1 (W.D. Tex. Nov. 18, 2021)). Consequently, courts in the Fifth Circuit (including in this District) have routinely found that alternative service is not justified where, as here, service in compliance with foreign law was not at least attempted first. *See, e.g., Compass Bank v. Katz*, 287 F.R.D. 392, 396 (S.D. Tex. 2012) (denying request for alternative service where plaintiff failed to attempt service in compliance with the Hague Convention); *AGIS Software Dev., LLC v. ZTE Corp.*, 2018 WL 4053897, at *3 (E.D. Tex. July 20, 2018) (denying request to serve defendant's counsel where plaintiff had not attempted service of its amended complaint first through conventional channels before

6

seeking alternative service); *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzen) Tech., Ltd.*, 2021 WL 4974040, at *1 (W.D. Tex. Oct. 25, 2021) (denying motion for alternative service where plaintiff failed to show that it "at least made some effort to serve [the defendants] through other means first"); *Buffalo Pats., LLC v. ZTE Corp.*, 2022 WL 2055285, at *2 (W.D. Tex. June 3, 2022) (denying motion for alternative service where plaintiff did not first attempt to follow service procedures in the Hauge Service Convention); *Zanoprima Lifesciences, Ltd. v. Hangsen Int'l Grp. Ltd.*, 2022 WL 1229290, at *2 (W.D. Tex. Apr. 5, 2022) (denying motion for alternative service where plaintiff failed to identify attempts to serve through conventional means such as the Hague Convention) (citing cases)); *Acqis LLC v. Lenovo Grp. Ltd.*, 2022 WL 2078035, at *1 (W.D. Tex. June 9, 2022) (ruling similarly).[5] In short, courts should "not invoke 'alternative means of service under Rule 4(f)(3) based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity.'" *Aprese Sys. Texas, LLC,* 2022 WL 891951, at *2 (quoting *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3). This Court should rule similarly, and deny Plaintiff's Motion.

As applied here, the only meager efforts Plaintiff has made to "serve" Nesmetaju to date include (i) asking the undersigned counsel to accept service; and (ii) attempting to serve co-defendant Marketing Labs on Nesmetaju's behalf. *See* Motion at 2. But Plaintiff has made no attempt to serve Nesmetaju directly in its home country to date, despite clearly knowing

---

[5] *See also Guangzhou Jinli Elec. Tech. Co. v. Shenzhen Damuzhi Health Info. Consulting Co.*, 2022 WL 174516, at *1 (W.D. Tex. Jan. 19, 2022); *Cedar Lane Techs. Inc. v. Hitachi Kokusai Elec., Inc.*, 2021 WL 4441977, at *1 (W.D. Tex. Sept. 27, 2021); *Canal Indem. Co. v. Castillo*, 2010 WL 11566311, at *1 (W.D. Tex. Feb. 22, 2010).

he needed to do so. *See generally* Heeringa Decl. Instead, Plaintiff asks the court to bypass conventional foreign service methods to permit service on Marketing Labs' litigation counsel *solely* because (according to him) "forcing Plaintiff to utilize the Hague Convention would needlessly delay the case for up to a year and force Plaintiff to incur unnecessary expenses." Motion at 6. Yet, he provides no justification for his own delay in attempting to serve Nesmetaju in its home country. Indeed, Plaintiff's counsel admits that they did not even inquire regarding the appropriate channels to serve Nesmetaju until April 2022—nearly *seven months* after filing the original complaint against Nesmetaju. *See* Dkt. 30-2, ¶¶ 11-12.

Perhaps if Plaintiff had diligently inquired about conventional service after he named Nesmetaju back in September 2021, his Motion would be moot. In any event, merely asking a process server how long it could *possibly* take to effectuate service on a foreign entity like Nesmetaju in compliance with applicable law is hardly an "attempt" to actually serve Nesmetaju. Rather, "there are few actions made in pursuit of service that could exhaust less effort." *Trustees of Purdue Univ.*, 2021 WL 5393711, at *2. *See also Aprese Sys. Texas, LLC,* 2022 WL 891951, at *2 ("Based on the [p]laintiff's lack of effort to serve [the foreign defendant] via the Hague in combination with [p]laintiff's belief that it need not make any attempt to [actually] serve [the foreign defendant] before filing its [m]otion [for alternative service], the Court infers that [p]laintiff brought its [m]otion out of convenience."). In short, if there has been any "delay" in this case, it is of Plaintiff's (or his counsel's) own making.

Plaintiff's requests that the undersigned counsel accept service on Nesmetaju's behalf are likewise insufficient to depart from the normal foreign service procedures in this or any instance. *See, e.g.*, *Blackbird Tech LLC*, 2021 WL 6618489, at *2 (finding no special

8

circumstances justified departure from conventional means of service on foreign defendant despite attempts to contact defendant's counsel); *Trustees of Purdue Univ.*, 2021 WL 5393711, at *2 (alternative service not allowed, although defendant's counsel did not agree to accept or waive service). That is because "[t]he mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service" on the defendant's behalf. *U.S. v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997). Thus, "[e]ven where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service." *Id. See also Chalmers v. City of Dallas,* 2014 WL 1778192, at *2 (N.D. Tex. May 5, 2014) ("[A]n attorney is not considered an authorized agent for service of process absent express or implied authorization.") (citing *U.S. v. Real Prop. Known as 200 Acres of Land Near Farm to Mkt. Rd. 2686, Starr Cnty., Rio Grand City, Tex. 78582*, 2012 WL 6738674, at *3 (S.D. Tex. Nov. 19, 2012) (citing *Ziegler*, 111 F.3d at 881); *Ransom v. Brennan,* 437 F.2d 513, 518–19 (5th Cir. 1971) ("[S]ervice of process is not effectual on an attorney solely by reason of his capacity as [a party's] attorney."); *Canal Indem. Co.,* 2010 WL 11566311, at *1 (citing, *inter alia*, *Ransom* and denying motion for alternative service because serving attorneys did not comply with applicable foreign law). This Court should reach the same conclusion here.

The authorities upon which Plaintiff relies in his Motion (*see* pp. 4-7) do not suggest otherwise or require a contrary result here. Indeed, the majority of those cases involve situations in which the plaintiff had actually previously ***attempted service*** on the defendant directly in compliance with foreign law or was ***already in the process*** of such service. *See, e.g., Ackerman v. Glob. Vehicles U.S.A., Inc.*, 2011 WL 3847427, at *3 (E.D. Mo. Aug. 26,

9

2011) (granting request for alternative service where plaintiffs asserted they were "currently in the process of serving [the defendant] under the Hague Convention"); *Knit With v. Knitting Fever, Inc.*, 2010 WL 4977944, at *5 (E.D. Pa. Dec. 7, 2010) (permitting alternative service where the plaintiff "ha[d] already spent many months diligently attempting to serve" the defendants in compliance with the Hague Convention); *LG Elecs., Inc. v. ASKO Appliances, Inc.*, 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (holding that "service was sufficiently effected under the Hague Convention and that LG's submission, duly delivered to the Korean Central Authority, was 'reasonably calculated to give notice' of the claims against [the defendant]"); *WorldVentures Holdings, LLC v. Mavie*, 2018 WL 6523306, at *3 (E.D. Tex. Dec. 12, 2018) (noting plaintiffs made numerous attempts to serve the defendants, including delivering the complaint and summons to the defendants address in Singapore and attempting to serve through the Texas Secretary of State). These authorities are unavailing, as Plaintiff has made **zero attempt** to actually serve Nesmetaju in it home country to date and seems to be seeking alternative service here simply out of convenience and because of his counsel's lack of diligence, rather than out of a legitimate (or any) need. *See also PHH Mortgage Corp. v. Stewart,* 2020 WL 10501809, at *1 (W.D. Tex. Oct. 26, 2020) (denying motion where "Plaintiff has failed to demonstrate due diligence for the alternative service").

Moreover, while the court in *Affinity Labs* may have permitted alternative service through that defendant's subsidiary or its outside counsel given the facts there (*see* Motion at 5), that case is not only factually distinguishable from the one at bar but also stands in stark contrast to the numerous other Fifth Circuit authorities above holding that alternative service is not justified where, as here, the plaintiff failed to first at least attempt service in

10

compliance with foreign law at the outset. *See also STC.UNM v. TP-Link Techs. Co.*, 2019 WL 13026862, at *2 (W.D. Tex. June 24, 2019), *on reconsideration,* 2020 WL 10758856 (Jan. 2, 2020) (holding a domestic "subsidiary must be the alter ego of the [foreign] parent" or be authorized to accept service for the parent to properly serve the subsidiary on the parent's behalf, and denying motion for alternative service where the "[p]laintiff fail[ed] to show that [d]efendant exert[ed] the kind of control over its subsidiary necessary to establish an alter ego status") (citing various cases and distinguishing *Affinity Labs* on this basis)).[6]

In sum, Plaintiff "has not identified a special circumstance that justifies departure from more conventional means of service" in this case. *Blackbird Tech LLC*, 2021 WL 6618489, at *2. Had he attempted service through the appropriate channels from the outset, Nesmetaju likely would have been served by now. He did not, and provides no basis for this Court to depart from the normal service procedures. Thus, the Motion should be denied.

## CONCLUSION

For the foregoing reasons, and for such additional reasons as may be presented prior to ruling thereon, the Court should enter an order denying Plaintiff's Motion in its entirety.

---

[6] Likewise, Plaintiff does not (and indeed cannot) argue in his Motion that Marketing Labs is the alter ego of Nesmetaju or that Marketing Labs is authorized to accept service on Nesmetaju's behalf. Therefore, *Affinity Labs* is distinguishable and inapposite, and it gives Plaintiff no basis to serve Marketing Labs (its subsidiary) on Nesmetaju's behalf, rather than serve Nesmetaju directly via the proper federal procedures for serving a foreign entity.

11

Dated: June 23, 2022

Respectfully submitted,

By: /s/ A. Paul Heeringa

> Richard S. Hartunian (SD TX Bar No. 3596630)
> Christine M. Reilly (admission to be requested)
> A. Paul Heeringa (admitted *pro hac vice*)
> **MANATT, PHELPS & PHILLIPS, LLP**
> 7 Times Square
> New York, NY 10036
> Telephone: (212) 790-4500
> Fax: (212) 790-4545
> Email: rhartunian@manatt.com
>         creilly@manatt.com
>         pheeringa@manatt.com
>
> *Attorneys for Defendant Marketing Labs, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that, on June 23, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.

<u>/s/ *A. Paul Heeringa*</u>
A. Paul Heeringa