**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **RICHARD HENDERSON,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | **C. A. No.: 3:21-cv-255** |
| | § | |
| **v.** | § | |
| | § | |
| **NESMETAJU, LLC and MARKETING** | § | |
| **LABS, LLC, d/b/a** | § | |
| **BRIGHTENLOANS.COM,** | § | |
| **THELENDSOURCE.COM and** | § | |
| **RUSHINLOANS.COM** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS
## MOTION FOR ALTERNATIVE SERVICE

Plaintiff Richard Henderson ("Plaintiff" or "Henderson"), by and through his counsel, Kimmel & Silverman, PC., hereby replies to the Defendant Marketing Labs, LLC's ("Marketing Labs") response in opposition to Plaintiff's motion for alternative service on Defendant Nesmetaju, LLC ("Nesmetaju").   Doc. No. 31.   Plaintiff addresses limited points as to Marketing Labs' response:

**1. Marketing Labs lacks standing to oppose Plaintiff's Motion for Alternative Service on Nesmetaju.**

Before addressing specific points raised in Marketing Labs' response to Plaintiff's motion for alternative service, Henderson challenges the propriety of the response in itself.   Specifically, Plaintiff disputes that Marketing Labs has standing to challenge Plaintiff's motion which seeks leave to effectuate alternative service on a distinct party- Nesmetaju.[1]

---

[1] The fact that Marketing Labs filed the response only serves to bolster Plaintiff's position that Marketing Labs and Nesmetaju work in concert as a common enterprise.

Where a moving party seeks relief as to a specific party, a distinct party against whom relief is not sought lacks standing.  See *Thurman v. Wood Grp. Prod. Servs.,* No. 09-4142, 2010 U.S. Dist. LEXIS 132190, at *4 (E.D. La. Dec. 14, 2010) (party against whom summary judgment not sought lacks standing to challenge motion); See also *Int'l Paper Co. v. Deep S. Equip. Co.,* No. 11-0017, 2012 U.S. Dist. LEXIS 152330, at *2 n.1 (W.D. La. Oct. 22, 2012) ("Deep South does not have standing to oppose Sylvania's motion for summary judgment.")

Federal courts have held "Codefendants do not have standing to assert improper service claims on behalf of other defendants." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, No. 07 Civ. 11028, 265 F.R.D. 106, 114 (S.D.N.Y. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 494 (2d Cir. 2006) ("Federal courts as a general rule allow litigants to assert only their own legal rights and interests, and not the legal rights and interests of third parties."); *S.E.C. v. Lines*, No. 07 Civ. 11387, 2009 U.S. Dist. LEXIS 69855, 2009 WL 2431976, at *2 (S.D.N.Y. Aug. 7, 2009) (holding that properly-served defendants do not have standing to oppose substitute service on  unserved defendants); *Sayles v. Pac. Eng'rs & Constructors, Ltd.*, No. 08 Civ. 676S, 2009 U.S. Dist. LEXIS 124819, 2009 WL 791332, at *5 (W.D.N.Y. Mar. 23, 2009) ("That a defendant received defective process or was insufficiently served with process cannot be asserted by codefendants")).

While Nesmetaju and Marketing Labs have common ownership[2] and work in concert (and are represented by the same attorney), they are still unique corporate entities.  Accordingly, Marketing Labs' response in opposition to Plaintiff's motion for alternative service on Nesmetaju (Doc. No. 31) should be disregarded by the Court for lack of standing.

---

[2] Doc. No. 30-8.

2.   **Contrary to Marketing Labs' assertion, it is the Defendants causing needless delay by refusing to allow their attorney to accept service for Nesmetaju**.

In its response, Marketing Labs argues the delay in serving Nesmetaju is Plaintiff and his counsel's own making.  Doc. No. 31, p. 8.  That argument is disingenuous.  First, Plaintiff has attempted service on Nesmetaju at an address identified in California[3] on its subsidiary/alter ego in Wyoming[4] and tried repeatedly to effectuate service on Nesmetaju on its active and participating US-based counsel.   (*See* generally Doc. No. 30.)  Marketing Labs argues that if Plaintiff had gone through the Hague Convention from the outset, Nesmetaju would be served by now.  Doc. No. 31, p. 8.  However, Plaintiff was under the impression Nesmetaju could be served in California or Wyoming and also presumed its participating counsel would accept service.  At any given time, service through the Hague Convention is six months to a year away whereas Mr. Heeringa could simply accept service within minutes.

Nesmetaju is being sued for unlawfully telemarketing to a Texas-based consumer on his Texas area code cell phone, purporting to offer financial services in the US.  Doc. No. 13. Nesmetaju has its US-based alter ego and US-based attorney advocating on its behalf in this litigation. Nesmetaju chooses to operate in an elusive and opaque manner, incorporating in a Caribbean island and evading consequences and scrutiny for its unlawful actions.  Nesmetaju would have ample notice and suffer no prejudice if it were served through counsel, whereas Plaintiff would suffer additional needless delay and avoidable expense if he were forced to effectuate service through the Hague Convention.[5]

---

[3] *See* Ex. A, affidavit of non-service at an address in Woodland, California.
[4] Doc. No. 30-2, ¶¶ 9-10
[5] This assumes Nesmetaju could actually be served in St. Kits and Nives.  Given the company's modus operandi, that assumption may well be unwarranted.

Nesmetaju should not be the beneficiary of its own obstinacy.

### 3. Service through the Hague Convention is not required before alternative service on US-based counsel.

In addition to *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 U.S. Dist. LEXIS 185740, 2014 WL 11342502, (W.D. Tex. July 2, 2014) upon which Plaintiff cited in his motion, there are plenty of other courts that have arrived at the same common-sense conclusion.  In *Terrestrial Comms LLC v. NEC Corp*., No. 6-20-CV-00096-ADA, 2020 U.S. Dist. LEXIS 110983 (W.D. Tex. June 24, 2020), Judge Albright granted the plaintiff's motion for alternative service noting "a plaintiff does not have to attempt to effect service under Rule 4(f)(1) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3."  *Id*., at p. 4.  See also *Stingray IP Sols., LLC v. TP-Link Techs. Co., Ltd*., No. 2:21-CV-00045-JRG, 2021 U.S. Dist. LEXIS 252513, at *6 (E.D. Tex. Nov. 19, 2021) ("courts have recognized that the multi-month delay of service under the Hague Convention supports a grant of alternative service under Rule 4(f)(3)"); *SIMO Holdings, Inc. v. H.K. uCloudlink Network Tech. Ltd.*, No. 2:20-CV-00003-JRG, 2020 U.S. Dist. LEXIS 211986, at *6 (E.D. Tex. June 15, 2020) ("the Court finds that the requested alternative service on counsel is appropriate and affords due process"); See also *Brown v. China Integrated Energy, Inc*., No. 11-2559 MMM, 285 F.R.D. 560, 564 (C.D. Cal. 2012) ("If alternative means to effectuate service exist, strict compliance with the service requirements under the Hague Convention is not always mandatory").

In *Maxwell, Ltd. v. Lenovo Grp. Ltd.,* No. 6:21-CV-1169, 2022 U.S. Dist. LEXIS 27662, at *6 (W.D. Tex. Feb. 15, 2022), in a factually similar scenario to this matter, the Western District of Texas granted the plaintiff's motion for alternative service on US-based subsidiary and counsel:

> LGL, who clearly is aware of the present action, seeks to use procedural hurdles to prevent the timely resolution of this case. The facts, taken together, show that alternative service is proper in this case. Maxwell has made several attempts to effect service, and LGL is plainly aware of the action. This is a case where the Court will exercise discretion in granting Plaintiff the ability to effect alternative service.

*Maxwell, Ltd.* 2022 U.S. Dist. LEXIS 27662, at *6.

Marketing Labs cites *STC.UNM v. TP-Link Techs. Co.*, 2019 WL 13026862 (W.D. Tex. June 24, 2019), which held a domestic "subsidiary must be the alter ego of the [foreign] parent." Doc. No. 31, pp. 10-11. However, Marketing Labs does nothing to distinguish *STC* from the current matter. The fact that Marketing Labs filed an opposition to a motion for alternative service on Nesmetaju reflects that the two companies are not simply affiliates or a parent and subsidiary, but that Marketing Labs is in fact an alter ego of Nesmetaju. Paul Heeringa is counsel for both Defendants and advocating for both interchangeably. *See generally*, Doc. No. 31; *See also* Doc. No. 22, p. 1, FN 1.

Here, Plaintiff has attempted to serve Nesmetaju in California and Wyoming and repeatedly sought to serve the company's participating counsel. Given that Nesmetaju's alter ego and counsel are advocating on its behalf in this litigation, there is absolutely no reason why Nesmetaju's procedural hurdles, obstinacy and gamesmanship should carry the day.

[THIS PORTION OF THE PAGE WAS INTENTIONALLY LEFT BLANK]

**4. Conclusion**

For the foregoing reasons and those set forth in Plaintiff's Motion for Alternative Service, Plaintiff, Richard Henderson requests this Honorable Court permit him to effectuate service on Nesmetaju LLC through its U.S.-based counsel, Paul Heeringa of Manatt, Phelps & Phillips, LLP.

<div style="margin-left: 45%;">

Respectfully submitted,

</div>

Dated:  June 30, 2022

<div style="margin-left: 45%;">

*/s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
SDTX ID No. 3568914
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: (215) 540-8888
teamkimmel@creditlaw.com

</div>

<div style="text-align: center;">

**CERTIFICATE OF SERVICE**

</div>

I, Jacob U. Ginsburg, hereby certify I served a true and correct copy of the foregoing on all parties of record via ECF and email on June 30, 2022.

<div style="margin-left: 45%;">

*/s/ Jacob U. Ginsburg*

</div>