IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RICHARD HENDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>NESMETAJU, LLC and MARKETING LABS, LLC, d/b/a BRIGHTENLOANS.COM, THELENDSOURCE.COM and RUSHINLOANS.COM<br><br>    Defendants. | Case No. 3:21-cv-00255 |

**MARKETING LABS, LLC'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

Defendant Marketing Labs, LLC ("Marketing Labs"), through its counsel and pursuant to the Court's order of July 11, 2022 (Dkt. 34), hereby respectfully submits this sur-reply in support of its Opposition (Dkt. 31, "Opposition") to the Motion for Alternative Service (Dkt. 30, "Motion") filed by Plaintiff in this matter, and further states as follows:

Relying on readily-distinguishable and inapposite case law from district courts in the Second Circuit and the Eastern District of Louisiana, Plaintiff argues that Marketing Labs lacks "standing to challenge" the Motion, to the extent Marketing Labs is a co-defendant of Nesmetaju, LLC ("Nesmetaju") and the defendants are "unique corporate entities." *See* Dkt. 32 at 1-2 (citing various cases). Plaintiff is wrong, and Marketing Labs plainly has standing.

For starters, the only applicable (but non-binding) Fifth Circuit authority that Plaintiff cites on this point is *Thurman* and *International Paper*, which at best merely stand for the proposition that a defendant against whom **summary judgment** is not sought lacks standing to oppose a summary judgment motion **by another co-defendant** where the defendants do not have pending crossclaims. *See Int'l Paper Co. v. Deep S. Equip. Co.*, 2012 WL 5288711,

1

at *1 (W.D. La. Oct. 22, 2012); *Thurman v. Wood Group Prod. Servs. Inc.*, 2010 WL 5207587, at *1 (E.D. La. Dec. 14, 2010). Yet, even in that much different procedural context, other district courts in and beyond the Fifth Circuit have recognized that a defendant has standing to oppose a co-defendant's motion for summary judgment simply where it could be "aggrieved" by the decision. *See, e.g., Pilkington's Coleman v. Anco Insulations, Inc.,* 196 F. Supp. 3d 608, 610, n.3 (M.D. La. 2016) (collecting cases, finding standing, and noting the lack of binding authority and split of authority at district level on this issue). Similarly, the Fifth Circuit itself has held that a party "'aggrieved by a district court decision that adversely affects its legal rights or position vis-à-vis other parties in the case'" has standing to appeal that decision. *Leonard v. Nationwide Mut. Ins. Co.,* 499 F.3d 419, 428 (5th Cir. 2007) (quoting *Custer v. Sweeney*, 89 F.3d 1156, 1164 (4th Cir. 1996)). Applying the Fifth Circuit's sound logic here, that Marketing Labs could be "aggrieved" and have its rights "adversely affected" by the Court's ruling on the Motion is what gives it standing to oppose.

Moreover, other courts have reached the same conclusion in the relevant context of a motion for alternative service, like Plaintiff's here. *See, e.g., Reflex Media, Inc. v. Wallace*, 2019 WL 6700192, at *2 (D. Nev. Dec. 9, 2019) ("Web Presence argues that if the court were to grant Plaintiff's motion and allow [alternative] service on [the foreign defendant] now, Web Presence would be prejudiced because it would delay the case. [] Accordingly, Web Presence is not asserting an argument solely for the benefit of another defendant. Rather, it is asserting an argument for its own benefit" and thus had standing to oppose the motion.); *Schmitz v. Diao Duoyuan Printing, Inc.,* 2013 WL 12161450, at *4 (D. Wyo. May 13, 2013) (finding standing where the case "present[ed] the unique situation where Plaintiffs

2

request substitute service upon counsel [for foreign unserved defendants], one of whom is the same counsel who represents the properly served" defendant). Such is true in this case.

As applied here, it is apparent that the Motion directly impacts and could adversely affect Marketing Labs. Indeed, the primary, if not sole, basis that Plaintiff offers for seeking alternative service is his belief that Marketing Labs, whose counsel has appeared in this case for Marketing Labs, is Nesmetaju's U.S.-based subsidiary. *See* Dkt. 30 at 1.[1] But as Marketing Labs argued, even if that were true, Plaintiff is improperly attempting to serve a foreign "parent" through the ***litigation counsel*** of that "subsidiary" (who does <u>not</u> have authority to accept service on behalf of the parent entity) rather than directly, all ***without even attempting*** to follow the proper procedures for effectuating foreign service first and in direct contravention to well-settled federal law. *See* Dkt. 31 at 2-4, 6-11. Moreover, and tellingly, Plaintiff's Motion was filed nearly a month after Marketing Labs' pending motion to dismiss was fully briefed. *Id*. at 1. In fact, Plaintiff did not explore the possibility of serving Nesmetaju in its home country until three days after Marketing Labs filed its opening brief. *See* Dkt. 22 (filed April 1) and Dkt. 30-2, ¶ 11 (process server contacted April 4). The timing of all this suggests that the Motion is a delay tactic to avoid a dismissal of this case on its merits; and if the Court grants it, a ruling on Marketing Labs' fully-briefed motion to dismiss will be delayed. Accordingly, Marketing Labs is not opposing the Motion just for Nesmetaju's benefit but for its <u>own</u> benefit to avoid prejudice and, therefore, has standing.

---

[1] Plaintiff cites to a corporate disclosure filed in another case by other counsel, not the undersigned. However, that filing is inaccurate, as Nesmetaju is not the "parent" of Marketing Labs, and Marketing Labs is not its "subsidiary." But even if it were, that is of no moment because, as previously noted, a parent/subsidiary relationship alone is insufficient to justify the relief Plaintiff seeks here. *See* Dkt. 31 at 9-10 (citing *STC.UNM*).

Dated: July 14, 2022

Respectfully submitted,

By: /s/ A. Paul Heeringa

Richard S. Hartunian (SD TX Bar No. 3596630)
Christine M. Reilly (admission to be requested)
A. Paul Heeringa (admitted *pro hac vice*)
**MANATT, PHELPS & PHILLIPS, LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 790-4500
Fax: (212) 790-4545
Email: rhartunian@manatt.com
creilly@manatt.com
pheeringa@manatt.com

*Attorneys for Defendant Marketing Labs, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 14, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.

/s/ *A. Paul Heeringa*
A. Paul Heeringa